# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| AMY J. NUGENT,<br>              Appellant, | DOCKET NUMBER<br>DC-0752-24-0005-I-1 |
|       v. | |
| DEPARTMENT OF THE NAVY,<br>           Agency. | DATE:  November 21, 2025 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Neil Curtis Bonney, Esquire, Virginia Beach, Virginia, for the appellant.

Evan Gordon, Quantico, Virginia, for the agency.

Kate Sullivan and Zenon Keske, Camp Lejeune, North Carolina,
    for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The agency has filed a petition for review and the appellant has filed a cross petition for review of the initial decision, which, among other things, found that the agency proved the disrespectful conduct charge, concluded that the agency retaliated against the appellant for her whistleblowing activity, and reversed the removal action.  Generally, we grant petitions such as these only in

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that neither party has established any basis under section 1201.115 for granting the petition or cross petition for review. Therefore, we DENY the petition for review, and cross petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

In the initial decision, the administrative judge sustained specifications 2-4 and the disrespectful conduct charge, he concluded that the appellant proved her claim of whistleblower reprisal but she did not prove her claims of sex discrimination, due process violations, and harmful procedural error, and he reversed the removal action. Initial Appeal File (IAF), Tab 33, Initial Decision (ID). We have considered the appellant's assertions regarding the administrative judge's decision to sustain specifications 2-4 and the disrespectful conduct charge.[2] Petition for Review (PFR) File, Tab 5 at 5-10. However, a different outcome is not warranted. The Board has held that an agency must prove only the essence of a specification, and it need not prove each factual element contained

---

[2] Neither party challenges the administrative judge's analysis of specification 1 or the appellant's claims of sex discrimination, due process violations, and harmful procedural error. ID at 9-10, 15-17. We discern no error with the administrative judge's analysis in this regard, and we affirm the initial decision.

within the specification. *See Prather v. Department of Justice*, 117 M.S.P.R. 137, ¶ 29 (2011) (finding an agency met its burden by proving the essence of a specification in a conduct unbecoming charge without requiring it prove each fact set forth in the specification). For example, in specification 2, we find that the appellant stated to a Corporal something to the effect of he was "letting [his] Marines down," and we find that, under the circumstances, such a statement was disrespectful. Regarding specification 3, we agree with the agency that the appellant did not offer an explanation or instruction to the Sergeant in her November 28, 2022 email or the in-person incident discussed in the initial decision, ID at 12, and that this conduct constituted disrespectful conduct. We need not decide whether the agency proved specification 4 because we find that the disrespectful conduct charge can be sustained based on specifications 2 and 3. *See Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (stating that, when more than one event or factual specification supports a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge).

Regarding the whistleblower reprisal claim, we agree with the administrative judge that the appellant's Inspector General (IG) complaint constituted activity protected by 5 U.S.C. § 2302(b)(9)(C), ID at 18, and we affirm the initial decision in this regard. The agency challenges the administrative judge's contributing factor analysis and his conclusion that the appellant satisfied the knowledge/timing test. PFR File, Tab 1 at 14-15; 5 U.S.C. § 1221(e). We agree with the administrative judge that the appellant satisfied the knowledge/timing test because the deciding official knew about her IG complaint at the time that he made the decision and the removal occurred within 7 months of the complaint. ID at 5, 18; IAF, Tab 4 at 158-64, Tab 31 at 326 (testimony of the deciding official); 5 U.S.C. § 1221(e); *see, e.g., Easterbrook v. Department of Justice*, 85 M.S.P.R. 60, ¶ 10 (2000) (finding that personnel actions, which occurred within slightly more than 7 months from the disclosure, satisfied the

timing component of the knowledge/timing test). Because we affirm the administrative judge's contributing factor findings based on the deciding official's actual knowledge, we need not address his other findings regarding constructive and/or imputed knowledge.

Because we agree with the administrative judge that the appellant satisfied her prima facie burden, we must evaluate whether the agency has shown by clear and convincing evidence[3] that it would have taken the same personnel action in the absence of whistleblowing. In evaluating whether the agency has met this burden, the Board will consider all the relevant factors, including the following: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). We have considered the agency's assertions on review regarding the administrative judge's analysis of the *Carr* factors, but a different outcome is not warranted.

Regarding *Carr* factor 1, we agree with the administrative judge that the agency did not have strong evidence to support removing the appellant for the sustained misconduct. ID at 20. In pertinent part, we agree with the administrative judge's determination that the deciding official's penalty analysis was flawed. ID at 21-24. For example, although it may have been permissible for the deciding official to consider the letter of caution as prior notice that the appellant's behavior was deficient, it was improper for him to consider the letter

---

[3] Clear and convincing evidence is that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established. 5 C.F.R. § 1209.4(e). It is a higher standard than a preponderance of the evidence, which is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. §§ 1201.4(q), 1209.4(e).

of caution as prior discipline because she had no right to contest it. ID at 24; *see* IAF, Tab 31 at 320, 396-97 (testimony of the deciding official) (stating that he considered the letter of caution "as part of a pattern of behavior" and affirming that he considered it as "part of the progressive discipline"); *see also Bolling v. Department of the Air Force*, 9 M.S.P.R. 335, 339-40 (1981) (concluding that the Board's review of a prior disciplinary action is limited to determining whether that action is clearly erroneous, if the employee was informed of the action in writing, the action is a matter of record, and the employee was permitted to dispute the charges before a higher level of authority than the one that imposed the discipline). We also agree with the administrative judge that the deciding official's failure to consider the appellant's recent outstanding performance evaluations as a mitigating factor is flawed and contradicts other agency determinations in the proposal and decision letters. ID at 22-23. Therefore, even though we affirm the administrative judge's decision to sustain the disrespectful conduct charge, the deciding official's problematic consideration of the relevant penalty factors diminishes the strength of the agency's case, particularly for such minor misconduct, and suggests that there were ulterior motives for removing the appellant, including her whistleblowing activity. Therefore, we find that this *Carr* factor strongly favors the appellant.

Regarding *Carr* factor 2, the appellant is entitled to rely on circumstantial evidence to prove a motive to retaliate. *Whitmore v. Department of Labor*, 680 F.3d 1353, 1371 (Fed. Cir. 2012) (citing *McCarthy v. Int'l Boundary & Water Comm.*, 116 M.S.P.R. 594, ¶ 31 (2011)). When evaluating the second *Carr* factor, the Board will consider any motive to retaliate on the part of the agency official who ordered the action as well as any motive to retaliate on the part of other agency officials who influenced the decision. *Id.* (citing *McCarthy*, 116 M.S.P.R. 594, ¶ 62)).

We agree with the administrative judge that the proposing and deciding officials had an institutional motive to retaliate against the appellant because her

allegations against other management officials in her IG complaint reflected poorly on management overall. ID at 25; *see, e.g.*, *Whitmore*, 680 F.3d at 1370 ("Those responsible for the agency's performance overall may well be motivated to retaliate even if they are not directly implicated by the disclosures, and even if they do not know the whistleblower personally, as the criticism reflects on them in their capacities as managers and employees."). We have considered the considerable circumstantial evidence described by the administrative judge in the initial decision, which strongly suggests that the Captain (who was the subject of the appellant's IG complaint), the three Marines who complained against the appellant, and the Deputy Commander (who later became the proposing official) had a motive to retaliate against her for her IG complaint and coordinated to effectuate her removal. ID at 24-27. We need not decide whether the deciding official knew or should have known that the supervisory officers in the appellant's detachment had a motive to retaliate against her, PFR File, Tab 1 at 13-14, because *Carr* factor 2 strongly weighs in the appellant's favor even absent such knowledge. *See, e.g.*, *Aquino v. Department of Homeland Security*, 121 M.S.P.R. 35, ¶ 29 (2014) (finding that the close proximity in time between the disclosure and supervisor's report and the absence of any other factual predicate supporting the removal other than the supervisor's report, supports a strong retaliatory motive and concluding that *Carr* factor 2 weighed against the agency in light of the influence exerted by the supervisor over the challenged personnel action).

Regarding *Carr* factor 3, the administrative judge found, in pertinent part, that the agency did not provide any evidence or argument that it takes similar actions against employees who are not whistleblowers, but who are otherwise similarly situated. ID at 27. "[T]he absence of any evidence relating to *Carr* factor [3] can effectively remove that factor from the analysis." *Soto v. Department of Veterans Affairs*, 2022 MSPB 6, ¶ 18 (citing *Whitmore*, 680 F.3d at 1374-75). Even if we remove *Carr* factor 3 from consideration, a different

outcome is not warranted because, for the reasons discussed above and in the initial decision, *Carr* factors 1 and 2 weigh strongly in the appellant's favor. Accordingly, we conclude that the agency failed to prove, by clear and convincing evidence, that it would have removed the appellant absent her whistleblowing activity.

Finally, in its petition for review, the agency asserts that the administrative judge's determination that her misconduct warranted no penalty was "contrary to both policy and law." PFR File, Tab 1 at 11. We disagree with the agency's characterization of the administrative judge's findings in this regard. Rather, because the administrative judge correctly found that the removal was based on retaliation for whistleblowing activity, and he reversed the removal action, it was unnecessary for him to determine an appropriate penalty for the sustained misconduct. *See, e.g.*, 5 U.S.C. § 7701(c)(2)(B) ("[T]he agency's decision may not be sustained under subsection (b) of this section if the employee . . . shows that the decision was based on any prohibited personnel practice described in section 2302(b) of this title.").[4]

## ORDER

We ORDER the agency to cancel the removal and retroactively restore the appellant, effective September 13, 2023. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

---

[4] We have considered the appellant's motion to dismiss the agency's petition for review for failure to provide interim relief. PFR File, Tab 2. However, the issuance of our final decision in this matter renders moot any dispute concerning the agency's compliance with the interim relief order. *See Ayers v. Department of the Army*, 123 M.S.P.R. 11, ¶¶ 8, 30 (2015) (reaching the same conclusion when the Board affirmed the administrative judge's reversal of the appellant's removal based on whistleblower reprisal). We therefore deny the appellant's motion. If, however, the appellant believes that the agency is in noncompliance with the Board's final order, she may file a petition for enforcement in accordance with the instructions provided below. *Id.*, ¶ 8.

We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST CONSEQUENTIAL AND/OR
COMPENSATORY DAMAGES**

You may be entitled to be paid by the agency for your consequential damages, including medical costs incurred, travel expenses, and any other reasonable and foreseeable consequential damages. To be paid, you must meet the requirements set out at 5 U.S.C. §§ 1214(g) or 1221(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202 and 1201.204.

In addition, the Whistleblower Protection Enhancement Act of 2012 authorized the award of compensatory damages including interest, reasonable expert witness fees, and costs, 5 U.S.C. § 1214(g)(2), which you may be entitled to receive.

If you believe you are entitled to these damages, you must file a motion for consequential damages and/or compensatory damages WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion with the office that issued the initial decision on your appeal.

## NOTICE TO THE PARTIES

A copy of the decision will be referred to the Special Counsel "to investigate and take appropriate action under [5 U.S.C.] section 1215," based on the determination that "there is reason to believe that a current employee may have committed a prohibited personnel practice" under 5 U.S.C. § 2302(b)(8) or section 2302(b)(9)(A)(i), (B), (C), or (D). 5 U.S.C. § 1221(f)(3). Please note that while any Special Counsel investigation related to this decision is pending, "no disciplinary action shall be taken against any employee for any alleged prohibited activity under investigation or for any related activity without the approval of the Special Counsel." 5 U.S.C. § 1214(f).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.

**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐   1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐   2) Settlement agreement, administrative determination, arbitrator award, or order.

☐   3) Signed and completed "Employee Statement Relative to Back Pay".

☐   4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐   5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐   6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐   7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).

**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63).
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion.  Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.